UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| NADINE BROCK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-285-DCR |
| ) | |
| V. ) | |
| ) | |
| MARYMOUNT MEDICAL CENTER, ) | **MEMORANDUM OPINION** |
| INC., CATHOLIC HEALTH ) | **AND ORDER** |
| INITIATIVES, INC., and DWIGHT ) | |
| MARTIN, ) | |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of the motions to dismiss [Record Nos. 7, 8, 9] filed by Defendants Marymount Medical Center, Inc. ("Marymount") and Catholic Health Initiatives, Inc. ("CHI"). Marymount has moved to dismiss the Plaintiff's unlawful retaliation claim under the Family and Medical Leave Act ("FMLA"), and the disability and retaliation claims under the Americans with Disabilities Act ("ADA") and Kentucky Civil Rights Act ("KCRA"). CHI alleges that it should be dismissed from this action because the Plaintiff has failed to state claim against it because it was not her employer. For the reasons discussed below, the Court will deny the Defendants' motions.

**I.     BACKGROUND**

Plaintiff Nadine Brock ("Brock") was employed by Marymount in London, Kentucky, as a registered nurse from August 1998 to June 9, 2004. She claims that she was constructively

discharged on June 9, 2004. Brock was diagnosed with Acute Transverse Meylitis on July 14, 2003, and took leave from work pursuant to the FMLA. Upon returning to work on January 19, 2004, she alleges that was "discriminated against by Defendants on account of her disability." [Record No. 1, Complaint ¶ 24]

On November 30, 2004, Brock filed a charge of disability discrimination with the Kentucky Commission on Human Rights ("KCHR") and the Equal Employment Opportunity Commission ("EEOC"). In that charge, Brock alleged that, after returning to work from medical leave, she experienced different treatment from her supervisor and co-workers because "they perceived [her] as suffering from a disability that resulted from [her] illness." [Record No. 8, Exhibit 1, p. 2] She charged the Defendants with "unlawful discrimination in violation of K.R.S. § 344.040 and the Americans with Disabilities Act" for alleged acts including harassment, different treatment, and termination due to her "disability/perceived disability." Further, Brock claimed that she was presented with a performance review that contained "false information" about her work performance and that she was terminated when she refused to sign the review. After investigating the charge for approximately one year, KCHR received notice on January 23, 2006, that the Plaintiff had withdrawn her charge, prompting the KCHR to close its investigation. Subsequently, on May 1, 2006, the EEOC issued, upon Brock's request, a "Notice of Right to Sue." The notice provided that a lawsuit must be filed within ninety days of receipt of the notice.

On June 30, 2006, Brock filed this action against Marymount, CHI and Dwight Martin, her supervisor, alleging disability and retaliation claims under the FMLA, the ADA, and the

KCRA. Through the Complaint, Brock alleges facts identical to those raised in the administrative charge. Specifically, she claims that she suffered discrimination in the following manner:

> being falsely accused of taking drugs, being forced to endure rumors that her disability affected her brain function, and being falsely accused of making errors in carrying out her job responsibilities and providing patient care . . . [being] precluded from caring for patients that she was more than qualified to are for, and . . . heavily scrutinized upon her return.

[Record No. 1, Complaint ¶ 24]

## II.   LEGAL STANDARD

The Defendants' motions to dismiss are brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This rule allows a defendant to move for dismissal of a complaint if it fails to state a claim upon which relief can be granted. When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). While a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d

1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III.   ANALYSIS

#### A.   Marymount's Motion to Dismiss the Retaliation Claim under FMLA

Marymount argues that Brock's retaliation claim under the FMLA should be dismissed because it is barred by the statute of limitations. [Record No. 7] The FMLA's statute of limitations provides:

> (1) In general - Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.
>
> (2) Willful violation - In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

29 U.S.C. § 2617(c). The FMLA prohibits any attempt by employers to interfere with or deny the exercise of FMLA rights. *See* 29 U.S.C. § 2615(a)(1). Brock's claim accrued on June 9, 2004, when she was allegedly constructively discharged. Brock filed her Complaint on June 30, 2006. The FMLA's two-year statute of limitations expired on June 9, 2006.

Brock argues that the FMLA's extended three year statute of limitations is applicable in this case because the Defendants' alleged FMLA violations were willful. According to Brock, her Complaint's allegation of "willful" conduct alone is sufficient to trigger the three-year statute

of limitations. Marymount disagrees, noting that, while the cases cited by Brock have held that "a general averment of willfulness can be sufficient to trigger the three-year statute of limitations, their findings are premised on the fact that plaintiff[s] had also sufficiently alleged facts in support the claimed FMLA violation." *See Edwards v. Ford Motor Co.*, 179 F. Supp. 2d 714 (W.D. Ky. 2001); *Ungerleider v. Fleet Mortgage Group of Fleet Bank*, 329 F. Supp. 2d 343 (D. Conn. 2004); *Settle v. S.W. Rodgers Co.*, 998 F. Supp. 657 (E.D. Va. 1998).

According to the law of this circuit, in order for the FMLA's extended three-year statute of limitations to apply, a plaintiff must show willfulness. *Hofman v. Professional Med Team*, 394 F.3d 414, 417 (6th Cir. 2005). "An employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004); *see also Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 352 (6th Cir. 2002) (unpublished) (stating that "[a] willful violation [of the FMLA] is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited") (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-35 (1988)).

Brock has pled in her Complaint, though somewhat generically, that the Defendants' willfully violated the FMLA. In particular, she has alleged in Count III of the Complaint that when she returned to work, she was subjected to "willful retaliation" by the Defendants. [Record No. 1, Complaint ¶ 37] Although Marymount contends that Brock must "sufficiently allege facts to support the claimed FMLA violation in order for a general averment of willfulness of the violation to trigger the three-year statute of limitations," at the pleading stage of litigation, a

general averment of willfulness is sufficient to trigger the three year statute of limitations. *See Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004) (citing *Williams v. Schuller Int'l, Inc.*, 2002 WL 193929, at *3 (6th Cir. Feb. 5, 2002); *see also Edwards*, 179 F. Supp. 2d at 719. After the initial stages, however, a plaintiff must have some evidence from which either the Court or a reasonable jury might find a willful FMLA violation. *See Reese v. Robert Bosch Corp.*, 2006 WL 2244136 (W.D. Mich. Aug. 4, 2006) (noting that if the statute of limitations issue were before the court on a motion to dismiss a general averment of willfulness may suffice but because the this case had progressed to summary judgment, the plaintiff was required to provide some evidence that Defendant willfully violated the Act."). Because Brock has specifically alleged that the Defendants' conduct was willful and because the present statute of limitations question has arisen during a motion to dismiss, the Court will accept her allegation of willfulness as true and will assume that the three year statute of limitations, rather than the general two year limitations period, is applicable.

The parties agree that the Plaintiff's claim accrued on June 9, 2004, when she was allegedly constructively discharged. Because the Plaintiff filed her Complaint on June 30, 2006, prior to the expiration of the three year statutory period, the Court finds that her retaliation claim under the FMLA was timely filed. Thus, Marymount's motion to dismiss the Plaintiff's FMLA retaliation claim [Record No. 7] will be denied.

> **B. Marymount's Motion to Dismiss the Disability Discrimination and Retaliation under the Kentucky Civil Rights Act and the Americans with Disabilities Act**

Marymount has also moved to dismiss the Plaintiff's disability and retaliation claims under the KCRA and ADA, arguing that the statutory election of remedies provision bars these claims. The Court notes that the analysis with respect to the federal and state claims differs.

### 1. Discrimination and Retaliation Claims under the KCRA

The doctrine of election of remedies provides that "when a person has at her disposal two modes of redress that are contradictory and inconsistent with each other, her deliberate and settled choice and pursuit of one will preclude her later choice and pursuit of the other." *Young v. Hammond*, 139 S.W.3d 895, 903 (Ky. 2004) (citing *Wilson v. Lowe's Home Center*, 75 S.W.3d 229 (Ky. Ct. App. 2001)). The KCRA creates two separate avenues upon which a complainant may proceed in a effort to recover damages – administrative and judicial. The election of remedies provision of the KCRA establishes that these two avenues of relief are "alternative, not identical." Specifically, the Act states that:

> A state court shall not take jurisdiction over any claim of an unlawful practice under this chapter while a claim of the same person seeking relief for the same grievance is pending before the commission. A final determination by a state court or a final order of the commission of a claim alleging an unlawful practice under K.R.S. § 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the same grievance.

K.R.S. § 344.270; *see also Wilson*, 75 S.W.3d at 232 (citing *Berry v. General Electric Co.*, 541 F. Supp. 800 (W.D. Ky. 1982)).

The Kentucky Supreme Court's decision in *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341 (Ky. 1995), established a standard in Kentucky that provides both administrative and judicial sources of relief for claims arising under the KCRA. In *Vaezkoroni*, an employee filed

three separate complaints with the Lexington-Fayette Urban County Human Rights Commission. The Commission investigated and dismissed each of the complaints. Following dismissal, the employee filed a civil complaint in the Fayette Circuit Court based on the same allegations. The trial court awarded summary judgment in favor of the employer and the Kentucky Court of Appeals affirmed based on the doctrine of res judicata. The Kentucky Supreme Court affirmed, but for different reasons. The court held that the administrative and judicial avenues of relief in K.R.S. Chapter 344 were alternative avenues of relief and that it would be inappropriate to allow an individual to choose an administrative remedy and then have the option of judicial relief. The court stated that, "[o]nce any avenue of relief is chosen, the complainant must follow that avenue through to its final conclusion." *Id*. at 343.

Subsequently, in *Grego v. Meijer, Inc.*, 187 F. Supp. 2d 689 (W.D. Ky. 2001), the United States District Court for the Western District of Kentucky discussed the *Vaezkoroni* decision, noting that the state court had not determined whether the election of remedies provision precludes a claimant from filing an administrative claim, withdrawing that claim, and then later filing a civil action. Employing a straightforward interpretation of K.R.S. § 344.270, the *Grego* court answered that question and held that

> [i]f a grievance "is pending," then courts have no jurisdiction over a claim. However, where one withdraws his claim, it cannot be "pending" and is thus not barred by the plain language of section 344.270.

*Grego*, 187 F. Supp. 2d at 692.

In *Wilson v. Lowe's Home Center*, 75 S.W.3d 229 (Ky. App. 2001), the Kentucky Supreme Court adopted the reasoning of *Grego*. In *Wilson*, an aggrieved employee filed a

complaint with the Commission alleging racial discrimination and a racially hostile work environment. Subsequently, the employee withdrew his claim and an order was entered allowing the claim to be withdrawn without prejudice. The EEOC provided the employee with a "Notice of Right to Sue" letter. Subsequently, the employee field a complaint in Jefferson Circuit Court. Distinguishing the facts from those in *Vaezkoroni*, the court noted because that the employee had not pursued his administrative claims to finality and because there was not an administrative claim pending, election of remedies did not bar the employee from pursing his action in circuit court. *Id*. at 236-37.

In *Brown v. Diversified Decorative Plastics, LLC*, 103 S.W.3d 108 (Ky. App. 2003), the Kentucky Court of Appeals reaffirmed the reasoning of *Wilson*. In *Brown*, two appellants over the age of forty were fired from their jobs and filed discrimination complaints with the EEOC. After receiving right to sue letters from the EEOC, the appellants filed similar administrative claims and separate civil suits in federal district court. The district court granted the appellants request for voluntary dismissal without prejudice. Subsequently, the appellants withdrew their administrative complaints and filed civil actions. The trial court dismissed the actions. However, the Court of Appeals reversed, finding that the filing of a claim with an administrative body does not preclude subsequent judicial remedies as long as the administrative claim has not been pursued to finality. *Id*. at 112-14.

In *Wright v. Highland Cleaners, Inc.*, 2003 WL 21241505 (Ky. App., May 30, 2003), the appellant filed a discrimination claim with the Louisville & Jefferson County Human Rights Commission and the EEOC. The Commission granted the appellant's "Request for Withdrawal

of Charge of Discrimination," and, one month later, the EEOC issued a right to sue letter. Subsequently, the appellant filed suit in state court. The Kentucky Court of Appeals affirmed the trial court's grant of summary judgment, concluding that the appellant's claims were barred by the election of remedies doctrine. The Supreme Court reversed and remanded the case for reconsideration in light of the *Wilson* decision.

Although Marymount acknowledges that the Plaintiff's administrative claims were not pursued to finality, it attempts to the distinguish the facts of the instant case. Specifically, Marymount notes that the Plaintiff's administrative claims were pending for over a year but the agencies and the Defendants vigorously pursued and investigated those claims during that time. Marymount claims that it will be prejudiced if Brock is permitted to pursue her claims in court because it has spent considerable time and resources in connection with the administrative claims. In contrast, Marymount states that in the cases cited by Brock, the administrative claims had either languished with little or no investigation or were timely withdrawn such that the withdraw did not cause the defendants to suffer any prejudice.

The Court is not persuaded that the facts of this case are distinguishable. Brock did not receive a final administrative determination. Likewise, the administrative claims were not pending at that the time this action was filed. In light of the relevant authorities discussed above and the plain language of K.R.S. § 344.270, the Court concludes that the election of remedies provision of the KCRA does not bar Brock's disability and retaliation claims. Therefore, the Court will deny Marymount's motion to dismiss the Plaintiff's discrimination and retaliation Claims under the KCRA. [Record No. 8]

## 2. Discrimination and Retaliation Claims under the ADA

Marymount also argues that Brock's disability and retaliation claims under the ADA are bared by the election of remedies doctrine. Title 42 of the United States Code, Section 2000e-5(c), provides that, when a state has its own laws prohibiting a particular employment practice, a complainant must not file a Title VII charge in federal court until after providing state and local agencies with an initial deferral period of at least sixty days to investigate his or her claim. While Title VII does not require that a plaintiff complete the state administrative process before filing suit in federal court,[1] a plaintiff must exhaust her administrative remedies for the court to have jurisdiction. *See* 42 U.S.C. § 6104(e)(2)(B) ( "No action . . . shall be brought . . . if administrative remedies have not been exhausted."). A plaintiff must demonstrate that she filed an age discrimination complaint with the appropriate agency and that either 180 days elapsed with no finding or that the agency issued a finding against the plaintiff. The regulations establish that, after the 180 day period, if the agency has not issued a finding, the EEOC must issue a notice of right to sue upon request by the complainant. 29 C.F.R. 1601.28(a). Moreover, once a notice of right to sue has been issued, the administrative proceeding is terminated and the complainant may file a cause of action in court within ninety days. 29 C.F.R. § 1601.28(a)(3); *see also* 42 U.S.C. § 2000e-5.

Here, the administrative proceedings were pending for over one year when Brock requested withdrawal of the charges filed with the KCHR. Inasmuch as 180 days had passed and

---

[1] An exhaustion requirement identical to that of Title VII applies to claims brought under Title I of the ADA. *See* 42 U.S.C. § 12117 (adopting for claims brought under Title I of the ADA the exhaustion requirement set forth for Title VII claims).

the KCHR did not issue an administrative ruling, Brock was entitled to request a right to sue letter. Marymount has not alleged (and the record does not reflect) that during the one year period, Brock attempted to frustrated the agency's efforts to investigate the charge. *See Morris v. Albertson, Inc.*, 2001 WL 936118, at *4 (N.D. Ill. 2001 Aug. 17, 2001) ("[W]here . . . a claimant chooses to purse the administrative process but then affirmatively frustrates the agency's efforts to investigate the charge, thus triggering a dismissal . . . for failure to cooperate, sound policy calls for the denial of the claimant's later effort to file suit in federal court."). In fact, it appears from the record that both parties participated in the agency's investigation of the charges. However, because the KCHR did not issue a decision within 180 days, Brock had the right to seek redress in federal court. Moreover, because the state law doctrine of election of remedies does not bar Brock's claim under the ADA and because she timely filed this action within ninety days of issuance of the right to sue letter, the Court will deny the Defendant's motion to dismiss Brock's discrimination and retaliation claims under the ADA. [Record No. 8]

### C. CHI's Motion to Dismiss

CHI has filed a motion to dismiss or, in the alternative, for summary judgment, arguing that because it is not Brock's employer, it cannot be held liable. Although CHI acknowledges that its corporate existence is affiliated with Marymount, it asserts that Marymount, not CHI, was Brock's employer and that it cannot be held liable for the acts of its subsidiary. In support, CHI has relied on matters outside the pleadings. In particular, CHI has attached an affidavit of Bob Reh, Vice President of Finance at CHI. Because it has relied, in part, on materials outside the

pleadings, CHI asserts that the Court may address its motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

In response, Brock asserts that CHI's motion is premature and that it should be allowed to conduct discovery to determine "the role that CHI had in the Plaintiff's employment and in the alleged violations of her statutory rights under the ADA, FMLA and Kentucky's Civil Rights Act." [Record No. 13, p. 2] Further, Brock states that "CHI has 'jumped-the-gun' in an attempt to deny the Plaintiff any discovery as to CHI's status as an 'employer.'" [Record No. 13] Although Brock has also relied on materials outside the pleadings to support her opposition to CHI's motion, she requests that the Court deny the motion and allow the parties an opportunity to conduct discovery regarding the issue of her employment relationship with CHI.

Rule 12(b) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). With regard to the requirement that there be an opportunity to supplement the record if the district court treats the Rule 12(b)(6) motion as a Rule 56 motion, the Sixth Circuit has stated:

> Because of the risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment. Failure to provide the parties with either constitutes reversible error.

*Harrington v. Painter*, 92 Fed. App'x. 126 (6th Cir. 2003) (citing *Armengau v. Cline*, 7 Fed. App'x. 336, 343-44 (6th Cir. 2001)) (internal citations omitted). Therefore, prior to considering CHI's motion to dismiss as a motion for summary judgment, the Court is required to give notice of its intention to treat the Rule 12(b)(6) motion as a Rule 56 motion and to provide the Plaintiff an opportunity to supplement the record or make a Rule 56(f) motion.

In the instant case, the parties have not yet conducted any discovery. In fact, the parties have not even had their Rule 26(f) conference to discuss a discovery plan. Although Brock states that she needs to conduct discovery in order to determine her employment relationship with CHI, she has not filed an affidavit pursuant to Rule 56(f) or filed a motion for additional discovery. Nevertheless, the Court notes that the Sixth Circuit has indicated that summary judgment motions, as a matter of discretion, may be found premature where discovery has not commenced. *See McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005) (holding that summary judgment was premature and "the district court abused its discretion because at the time of its highly restrictive discovery order, no discovery had occurred and the court offered no explanation for limiting discovery"); *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (reversing summary judgment because "no discovery was conducted before the motion for summary judgment was filed and decided"). Because the Court finds that it is premature to treat CHI's motion to dismiss as one for summary judgment at this time, the Court has not considered any of the materials attached to the parties pleadings in resolving the instant motion.

In her Complaint, Brock has alleged that:

> 5. Plaintiff, at all times mentioned herein, was an "employee" of Marymount Medical Center, Inc. and Catholic Health Initiatives, Inc. as defined in the ADA, 42 U.S.C.A. § 12111(4), the FMLA, 29 U.S.C.A. § 2611(3), and K.R.S. § 344.030(5).
>
> 11. Defendant, CHI, is a Colorado corporation whose principal place of business is at 1999 Broadway, Suite 2600, Denver, Colorado 80202. Said Defendant owns and operates the Marymount Medical Center in London, Kentucky.
>
> 12. Defendant, CHI, at all times mentioned herein, was an "employer" of the Plaintiff as defined in 42 U.S.C.A. § 12111(5)(A), 29 U.S.C.A. § 2611(4), and K.R.S. § 344.030(2).
>
> 14. Defendant, CHI, at all times mentioned herein, was a "person" as defined in 42 U.S.C.A. § 12111(7), 29 U.S.C.A. § 2611(8), and K.R.S. § 344.010(1).

[Record No. 1, Complaint ¶¶ 5, 11, 12, 14]

To hold CHI liable under the ADA, FMLA and the KCRA, Brock must show that CHI was her employer within the meaning of those statutes. Although a direct employment relationship provides the usual basis for liability under these statutes, courts have fashioned various doctrine by which a defendant that does not directly employ a plaintiff may still be considered an "employer." In one approach, courts examine whether two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise." *See e.g., Tennessee Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir. 1982). In another approach, courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees. *See e.g., Carrier Corp. v. NLRB*, 768 F.2d 778 (6th Cir. 1985); *Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico*, 929 F.2d 814 (1st Cir. 1991). A third approach examines whether the

person or entity that took the allegedly illegal employment action was acting as the agent of another company, which may then be held liable as the plaintiff's employer. *See e.g., Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993).[2]

At this point in the proceedings, there is insufficient evidence for the Court to ascertain whether CHI was Brock's direct employer or, in the alternative, whether CHI and Marymount are so interrelated that they may be considered a "single employer," an "integrated enterprise, a "joint employer," or an agent of each other. Accordingly, the Court will deny CHI's motion to dismiss. [Record No. 9]

### IV. CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1. Defendant Marymount's Motion to Dismiss [Record No. 7] is **DENIED**;

2. Defendant Marymount's Motion to Dismiss [Record No. 8] is **DENIED**; and

3. Defendant CHI's Motion to Dismiss [Record No. 9] is **DENIED**.

This 23rd day of January, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[2] These cases relate to the definition of employment under the ADA, ADEA and Title VII. Because these statutes define employer essentially the same way, the case law is relevant.